AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

United States of America

v.

Charles Anthony Espinosa

_____

*Defendant*

)
)
)
)
)
)

**Case: 1:24-mj-00109**
**Assigned To : Judge Moxila A. Upadhyaya**
**Assign. Date : 3/25/2024**
**Description: COMPLAINT W/ARREST WARRANT**

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____ Charles Anthony Espinosa _____ ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment   ❏ Superseding Indictment   ❏ Information   ❏ Superseding Information   ☒ Complaint
❏ Probation Violation Petition   ❏ Supervised Release Violation Petition   ❏ Violation Notice   ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
18 U.S.C. § 1752(a)(2) - Knowingly, and with Intent to Impede or Disrupt the Orderly Conduct of Government Business or
Official Functions;
40 U.S.C. § 5104(e)(2)(D) - Willfully and Knowingly Utter Loud, Threatening, or Abusive Language, or Engage in Disorderly
or Disruptive Conduct, at any place on Capitol Grounds with the Intent to Impede, Disrupt or Disturb Congress;
40 U.S.C. § 5104(e)(2)(G) - Parade, Demonstrate, or Picket on Capitol Grounds.

Date:   _____03/25/2024_____

*Issuing officer's signature*

City and state:   _____Washington, D.C._____

Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 3/25/2024 , and the person was arrested on *(date)* 3/26/2024 at *(city and state)* Derry, New Hampshire . |

Date: 3/27/2024

*Arresting officer's signature*

Malachi Nkosi, Special Agent
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| Charles Anthony Espinosa | ) |
| DOB: ▮▮▮▮ | ) |
|  | ) |
|  | ) |
| _Defendant(s)_ | ) |

Case: 1:24-mj-00109
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 3/25/2024
Description: COMPLAINT W/ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, | |
| 18 U.S.C. § 1752(a)(2) - Knowingly, and with Intent to Impede or Disrupt the Orderly Conduct of Government Business or Official Functions, | |
| 40 U.S.C. § 5104(e)(2)(D) - Willfully and Knowingly Utter Loud, Threatening, or Abusive Language, or Engage in Disorderly or Disruptive Conduct, at any place on Capitol Grounds with the Intent to Impede, Disrupt or Disturb Congress, | |
| 40 U.S.C. § 5104(e)(2)(G) - Parade, Demonstrate, or Picket on Capitol Grounds. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   _____03/25/2024_____

_____
_Judge's signature_

City and state:   _____Washington, D.C._____

Moxila A. Upadhyaya, U.S. Magistrate Judge
_Printed name and title_

Case 1:24-mj-00109
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 3/25/2024
Description: COMPLAINT W/ARREST WARRANT

**STATEMENT OF FACTS**

Your affiant, ███████████, is a Special Agent with the Federal Bureau of Investigation ("FBI"). I have served in this position since August 2020. I am currently assigned to the Philadelphia Joint Terrorism Task Force in the FBI Philadelphia Field Office. In my duties as a Special Agent, I have investigated various violations of federal law including riots and acts of violence in furtherance of a riot. Currently, I am tasked with investigating criminal activity in and around the United States Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

Unless otherwise stated, the information in this Affidavit is either personally known to me, has been provided to me by other individuals, or is based on a review of various documents, records, and reports. Because this Affidavit is submitted for the limited purpose of establishing probable cause to support an application for an arrest warrant, it does not contain every fact known by me or the United States. The dates listed in this Affidavit should be read as "on or about" those dates.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers.  Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m.  Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

On or about January 23, 2021, the FBI received an online tip via the FBI National Threat Operations Center ("NTOC") that CHARLES ANTHONY ESPINOSA ("ESPINOSA") was in and around the U.S. Capitol building and grounds on January 6, 2021.  Specifically, a confidential witness ("CW-1") provided information that CW-1 had seen social media photos and videos via an Instagram account associated with ESPINOSA, showing ESPINOSA inside the U.S. Capitol building and on the U.S. Capitol grounds on January 6, 2021.  CW-1 further provided a video showing ESPINOSA around the U.S. Capitol grounds on January 6, 2021.

The FBI then identified additional third party footage and social media postings which also placed ESPINOSA inside and around the U.S. Capitol building and grounds on January 6, 2021.  The FBI compared known photographs of ESPINOSA obtained from law enforcement databases to the images and videos depicted below.  A substantial amount of the social media depicting ESPINOSA on January 6, 2021 was posted by the Instagram username "Charlie_alpha_echo." One video tagging "Charlie_alpha_echo" showed ESPINOSA on the steps of the Capitol speaking to the crowd (through a megaphone held by another rioter) saying, "I think this should be happening in every single major city in the country."



*(Image 1:  still from Instagram video taken on January 6, 2021)*

Instagram provided the FBI with subscriber information for the Instagram account "Charlie_alpha_echo."  "Charlie," "alpha," and "echo," are common symbols in the phonetic alphabet used to denote the letters "C," "A," and "E," which are ESPINOSA's initials.

On January 3, 2023, Agents reviewed a public, unrestricted post on ESPINOSA's Instagram Account featuring a "selfie" of ESPINOSA holding a black Apple iPhone, which appears to be similar to the device ESPINOSA used when inside and outside the United States Capitol building on January 6, 2021.



(*Image 2: screenshot of ESPINOSA posted to Instagram account "charlie_alpha_echo"*)

The FBI further connected the "Charlie_alpha_echo" Instagram account to ESPINOSA through the subscriber phone number and email account used to register with Instagram. Specifically, the Instagram account "Charlie_alpha_echo" corresponded to a telephone number ending in 2841 (hereinafter "SUBJECT PHONE NUMBER") and an email address (hereinafter "SUBJECT EMAIL")—both associated with ESPINOSA through subscriber information from AT&T. AT&T, the service carrier for SUBJECT PHONE NUMBER, provided subscriber information, indicating that SUBJECT PHONE NUMBER was attributed exclusively to ESPINOSA. AT&T further provided a billing address and SUBJECT EMAIL, which law enforcement confirmed are both associated with ESPINOSA.

According to records obtained through a search warrant which was served on AT&T, on January 6, 2021, in and around the time of the incident, the cellphone associated with the SUBJECT PHONE NUMBER was identified as having utilized a cell site consistent with

providing service to a geographic area that includes the interior of the United States Capitol building.

ESPINOSA'S previous employer provided attendance records for ESPINOSA.  Per his employer's records, ESPINOSA requested paid time off for January 6, 2021 and January 7, 2021. In the leave request comments section for January 7, 2021, ESPINOSA submitted:  "Stop the steal!"

Records obtained from the Westin Hotel in Washington, D.C. confirm that ESPINOSA booked a room at the hotel through Expedia.com, with an arrival date of January 5, 2021 and a departure date of January 7, 2021.  The Westin Hotel confirmed that ESPINOSA stayed there the entirety of his reservation, and gave a specific room number in which ESPINOSA stayed.  The Westin Hotel also provided that ESPINOSA checked in at approximately 8:28 p.m. local time on January 5, 2021 and checked out at approximately 2:36 p.m. local time on January 7, 2021. According to records provided by the Westin Hotel, ESPINOSA used the SUBJECT EMAIL referenced above, which is confirmed to be associated with ESPINOSA.

While in Washington, D.C., ESPINOSA traveled to the U.S. Capitol on January 6, 2021. Specifically, ESPINOSA entered the restricted area on U.S. Capitol grounds and also entered the Capitol building.  As part of its investigation, the FBI reviewed third party video uploaded to YouTube on or about January 7, 2021 titled "United States Capitol Protest January 6th, 2021" (https://www.youtube.com/watch?v=O_vrdc4V3aY&t=81s).  At timestamp 1:21, the video shows ESPINOSA walking over a downed fence with clearly marked "AREA CLOSED" signs posted at regular intervals across the fence.  (See Image 2 below.)  In this video, ESPINOSA walks over the fallen fence after it was torn to the ground, with parts of the fence still entact surrounding the restricted area.  In this video, as well as the following images and videos from January 6, 2021, ESPINOSA is seen wearing the same material and clothing—leather jacket over a red hoodie, black jeans, black shoes, fingerless gloves—consistent with other footage of ESPINOSA in and around the United States Capitol building on January 6, 2021.



(*Image 3:  still from Youtube video taken on January 6, 2021*)

The FBI further reviewed a third party video uploaded to YouTube on or about January 8, 2021 titled "FULL FOOTAGE: Patriots STORM U.S. Capitol (4K60fps)" (https://www.youtube.com/watch?v=iNFcdpZdkh0&t=702s).   At timestamp 11:42, the video shows ESPINOSA turning back to look at the camera that was recording this video, showing his face without a face mask.  ESPINOSA is wearing the same material and clothing consistent with other footage of him in and around the United States Capitol building on January 6, 2021.



(*Image 4:  still from Youtube video taken on January 6, 2021*)

The FBI further reviewed a YouTube video uploaded to YouTube on or about January 06, 2021 titled "patriots storm capitol" (https://www.youtube.com/watch?v=r1owIQzOYU0&t=465s).  At timestamp 7:45, the video shows ESPINOSA standing next to the scaffolding, near the United States Capitol building.



(*Image 5:  still from Youube video taken January 6, 2021*)

7

The FBI also reviewed a third party video uploaded to gettyimages.com (https://www.gettyimages.com/detail/video/police-say-they-have-bolstered-security-in-washington-news-footage/1306269489).  At timestamp 1:06, the video shows ESPINOSA using a bike rack to climb up a wall of the Capitol building with the help of other rioters.  ESPINOSA climbed onto the Lower West Terrace of the United States Capitol building, wearing the material and clothing consistent with earlier sightings of him in and around the United States Capitol building on January 6, 2021.



(*Image 6:  still from gettyimages footage taken on January 6, 2021*)

The FBI also reviewed a YouTube video uploaded to YouTube on or about January 14, 2021 titled "Photographer, Brendan Gutenschwager, shares video of siege on the US Capitol" (https://www.youtube.com/watch?v=gTurnetBh4A&t=796).   At timestamp 13:15, the video shows ESPINOSA entering the United States Capitol Building and holding a black cellphone in front of him, in what appeared to be him taking a photo or recording a video.



*(Image 7: still from Youube video taken January 6, 2021)*

The FBI also reviewed a gettyimages.com video uploaded to gettyimages (http://gettyimages.com/detail/1294949353). At timestamp 0:35, the video shows ESPINOSA inside the United States Capitol building—specifically pushing up to the door of the U.S. House of Representatives.



*(Image 8:  still from gettyimages.com video taken January 6, 2021)*

The FBI further reviewed unrestricted, public social media posts on the Twitter (or X) social media platform using the search "#KnifeLeather."  The hashtag identifier "#KnifeLeather" was associated with ESPINOSA in open source research and provided media of ESPINOSA wearing material consistent with earlier sightings of him in and around the United States Capitol building on January 6, 2021.  This material was posted by Twitter users using the "#KnifeLeather" tag in their posts with dates ranging from approximately February 2021 to September 2022.  These posts contained multiple images of ESPINOSA outside and inside the U.S. Capitol building on January 6, 2021.  Additionally, some of these posts contained pictures of ESPINOSA with what appeared to be a large knife concealed in the rear waistband of his pants, underneath his black leather jacket.  In some of the following images, ESPINOSA appears to be underneath scaffolding on the west front of the U.S. Capitol on January 6, 2021, within the restricted area, while in possession of a large knife.



(*Image 9: re-posted third party images taken January 6, 2021, of which the top left, and bottom two photos visibly show the knife*)



(*Image 10: re-posted third party images taken January 6, 2021*)

As captured by U.S. Capitol Police surveillance footage, at approximately 2:14:34 p.m. EST, ESPINOSA entered the United States Capitol building through the Senate Wing door via the west side of the U.S. Capitol building.

11



*(Image 11: U.S. Capitol Police surveillance footage taken January 6, 2021)*

After initially heading to the right upon entering the U.S. Capitol through the Senate Wing door, ESPINOSA changed course and made his way to the left of the Senate Wing door.



*(Image 12: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:14:47 p.m. EST, ESPINOSA took out what appeared to be a cell phone from his front left inside jacket pocket, and appeared to be looking at the cell phone as he entered further into the U.S. Capitol building.



(*Image 13: U.S. Capitol Police surveillance footage taken January 6, 2021*)

ESPINOSA returned to his original entry point at approximately 2:15:26 p.m. EST, while wearing a face mask.



*(Image 14: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:15:29 p.m. EST, ESPINOSA lowered his face mask, making his face visible.



*(Image 15: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:15:56 p.m. EST, ESPINOSA walked to the opposite side of the Senate Wing door entryway inside the U.S. Capitol and leaned up against the wall inside the Capitol building as other rioters streamed inside through the Senate Wing door. ESPINOSA appeared to be using his cellphone as he leaned against the wall.



*(Image 16: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:19:34 p.m. EST, additional security surveillance footage, capturing the North Crypt sector of the Capitol building, captured ESPINOSA entering from the far right of the camera view into the Crypt and approaching a statue with his face mask lowered.



*(Image 17: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:26 p.m. EST, additional surveillance footage from the U.S. Capitol Police showed ESPINOSA continue to use a cell phone as he walked through the Crypt.



*(Image 18: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:54:39 p.m. EST, ESPINOSA entered the Rotunda of the U.S. Capitol Building.  Additional video showed ESPINOSA walk to the upper right corner and use a cell phone again.  ESPINOSA remained in the Rotunda for approximately three minutes.



*(Image 19: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:58:49 p.m. EST, ESPINOSA exited the Rotunda and made his way toward the East Rotunda door—on the opposite side of the U.S. Capitol from where he had originally entered from the west front.



*(Image 20: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 2:59:06 p.m. EST, ESPINOSA stops inside the East Rotunda door to use his cell phone.



*(Image 21: U.S. Capitol Police surveillance footage taken January 6, 2021)*

At approximately 3:00 p.m. EST, ESPINOSA begins to leave the U.S. Capitol through the East Rotunda door, exiting toward the east front of the U.S. Capitol.



(*Image 22: U.S. Capitol Police surveillance footage taken January 6, 2021*)

At approximately 3:00:06 p.m. EST, ESPINOSA exited the United States Capitol Building.



(*Image 23: U.S. Capitol Police surveillance footage taken January 6, 2021*)

Based on the foregoing, your affiant submits that there is probable cause to believe that CHARLES ANTHONY ESPINOSA violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within

18

such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  Your affiant further submits that there is probable cause to believe that CHARLES ANTHONY ESPINOSA violated 18 U.S.C. § 1752(b)(1)(A), which enhances the punishment if the person, during and in relation to the above offenses, uses or carries a deadly or dangerous weapon or firearm.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that CHARLES ANTHONY ESPINOSA violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly, (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 25th day of March 2024.

_____
MOXILA A. UPADHYAYA
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**IN RE THE MATTER OF:**

Charles Anthony Espinosa    **Case No.** ___24m,53-01-AJ___

(Petitioner's name)    (If known)

U.S. DISTRICT COURT
**REQUEST FOR APPOINTMENT OF COUNSEL**    DISTRICT OF NEW HAMPSHIRE

MAR 26 2024

I, __Charles Anthony Espinosa__    ~~FILED~~

respectfully request appointment of counsel to represent me as a criminal

defendant.

I am financially unable to hire counsel. A completed Financial Affidavit is

attached. I declare under penalty of perjury that the foregoing is true and

correct.

Date: __3|26|24__    X _____
                          Signature of Petitioner

---

### RULING BY JUDICIAL OFFICER

[X]    Request Approved.  Appoint counsel.

[ ]    Request Denied.

Date: __3/26/2024__    _____
                          United States Magistrate Judge

USDCNH-17 (Rev. 4/2018) (Previous Editions Obsolete)

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)                    USDCNH-119 (3/13)

# UNITED STATES DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

v.                                            Case Number: 24 mj 53-01-AT

__Charles Anthony Espinosa__                  Charging District's Case Number: 21-mj-00109

Defendant

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

*U.S. DISTRICT COURT*
*DISTRICT OF NEW HAMPSHIR*

I understand that I have been charged in another district, the District of Columbia

(name of other court)

*MAR 26 2024*

I have been informed of the charges and of my rights to:

*FILED*

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named of the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise -- unless I am indicted -- to determine whether there is probable cause to believe that an offense has been committed;

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐  an identity hearing and production of the warrant.

☐  a preliminary hearing.

☐  a detention hearing

☒  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.   I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 3|26|24

Signature of Defendant

Date: 3|26|24

Counsel for Defendant

Date: 3 / 26 / 2024

☒  United States Magistrate Judge
☐  United States District Judge

cc:    Defendant
       U.S. Attorney
       U.S. Marshal
       U.S. Probation
       Defense Counsel

AO 199A (Rev. 12/11) Order Setting Conditions of Release          USDCNH-40 (5/20)

UNITED STATE DISTRICT COURT
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MAR 26 2024

**FILED**

UNITED STATES OF AMERICA

v.                           ORDER SETTING CONDITIONS OF RELEASE

Charles Anthony Espinosa          Case No.  1:24-mj-00053-AJ-1


IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒ 1.     The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒ 2.     The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

☒ 3.     The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒ 4.     The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☐ 5.     The defendant shall appear at _____, on
_____ at _____ AM   or as otherwise notified.


**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ 6.     The defendant is placed in the custody of: (*address to be redacted from electronic version of document entered on CM/ECF*):
_____
_____
_____  Tel. No. _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
*(Custodian or Proxy)*


Page 1 of 5

AO 199A (Rev. 12/11) Order Setting Conditions of Release                      USDCNH-40 (8/12)

☒ 7.  The defendant shall:

☒ (a)  Report on a regular basis as directed by the supervising officer.

☐ (b)  Maintain or actively seek employment.

☒ (c)  Refrain from possessing a firearm, destructive device, or other dangerous weapons.

☐ (d)  Surrender any firearm(s) to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    and provide written verification to the supervising officer.

☐ (e)  Surrender any passport to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    ☐ by: _____

☐ (f)  Obtain no passport.

☐ (g)  Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

☐ (h)  Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

☐ (i)  Meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer.

☐ (j)  Be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.

☒ (k)  Restrict travel to the State(s) of New Hampshire and District of Columbia. Obtain permission from supervising PO for any travel within the US outside of home jurisdiction.
    ☐ Travel to _____ for work purposes only.
    ☒ Travel to Washington DC for meeting with counsel, pretrial services business, and _____ for court purposes only.
    ☒ Other: Obtain permission from the Court to travel outside of the Continental United States.
    Any other travel must be pre-approved by the supervising officer.

☐ (l)  Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

_____

    ☐ Those individuals identified on the list provided to defendant and his/her counsel at the hearing.
    ☐ Contact is permitted with _____, but defendant shall not discuss this case.
    ☐ Other: _____.

☐ (m)  Have no unsupervised contact with any minor children.
    ☐ Other: _____

☒ (n)  Refrain from  x any use of alcohol or    refrain from the excessive use of alcohol.

☐ (o)  Participate in the following home confinement program components and abide by all the requirements of the program:
    ☐ (1)  Curfew: defendant is restricted to his/her residence every day
        ☐ from _____ to _____ ; or
        ☐ as directed by the supervising officer;
    ☐ (2)  Home Detention: defendant is restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the supervising officer; or
    ☐ (3)  Home Incarceration: defendant is restricted to his/her residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (8/12)

☐ (4)   The home confinement program will include electronic monitoring or other location verification system. Defendant shall pay all or part of the cost of the program based upon his/her ability to pay as determined by the supervising officer.

☒ (p)   Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.

☒ (q)   Refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without preapproval of the supervising officer.

☐ (r)   Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.

☐ (s)   Defendant shall take all mental health medications as prescribed by his/her treating physician.

☐ (t)   Execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from his/her health care providers.

☐ (u)   Execute a secured unsecured bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____

☐ (v)   Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____

☐ (w)   Execute a bail bond with solvent sureties in the amount of _____.

☐ (x)   Maintain or commence an education program.

☐ (y)   Maintain residence at a halfway house or community corrections center, as deemed necessary by the supervising officer.

☐ (z)   Comply with the following residential requirements or restrictions: _____.

☐ No overnights away from the residence without preapproval of the supervising officer.
☐ Any change in residence must be preapproved by the supervising officer.

☐ (aa)   Comply with the following employment requirements or restrictions: _____

☐ Refrain from engaging in an occupation, business, profession, or volunteer activity that would require or enable you to _____ without preapproval of the supervising officer.

☒ (bb)   Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

☐ (cc)   Other:

☐ 8.   Participate in the following computer restriction or monitoring program:

☐ (a)   Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

☐ (b)   No access to the internet unless preapproved by the supervising officer.

☐ (c)   Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.

☐ (d)   Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.)

☐ (e)   Defendant shall provide the supervising officer with all current online screen names and passwords and he/she shall not create or use any new profiles or screen names without the prior approval of the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (8/12)

    ☐ (f)    Defendant shall surrender his/her smartphone to the supervising officer immediately. He/she can request that it be returned to him/her for trade-in purposes only. If he/she trades in the smartphone proof of the trade-in shall be provided to the supervising officer.

☐ 9.    Participate in a sex offender-specific assessment treatment as directed by the supervising officer.

☐ 10.    Provide access to and execute authorizations and do not revoke /withdraw authorizations, for the release of any requested financial information as requested by the supervising officer.

    ☐ (a)    Do not incur any new credit charges or open any new lines of credit without preapproval of the supervising officer.

    ☐ (b)    Other:

☐ 11.    Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

### Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

    **YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor.  This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

    (1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

    (2)    on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3)    any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.

    In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                    USDCNH-40 (8/12)

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set forth above.

Date: 3/26/24                    _____

Signature of the Defendant

**Directions to United States Marshal**

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☐ The defendant shall be detained until notified by U.S. Probation or the court that he/she can be released directly to an inpatient treatment facility.

☑ The defendant is ORDERED released after processing.

Date: 3/26/2024                    _____

☑          United States Magistrate Judge
☐          United States District Judge

cc:    Defendant
       U.S. Attorney
       U.S. Marshal
       U.S. Probation
       Defense counsel

AO 467 (Rev. 1/09) Order of Holding Defendant (NH-1/09)

**U.S. DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

MAR 26 2024

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America          Case No. 24-mj-53-01-AJ

v.

Charles Anthony Espinosa          Charging District
                                  Case Number:  1:24-mj-00109

### ORDER OF HOLDING DEFENDANT TO ANSWER
### AND TO APPEAR IN DISTRICT OF PROSECUTION
### OR DISTRICT HAVING PROBATION JURISDICTION

The defendant having appeared before this Court pursuant to Rule 5, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

The defendant shall be held to answer in the United States District Court for the District of Columbia and shall appear at all proceedings as required.  The defendant shall next appear:

> **Where:   U.S. District Court for the District of Columbia**
> **Zia M. Faruqui, U.S. Magistrate Judge**
> **VIA ZOOM**

https://uscourts-dcd.zoomgov.com/j/1615439875?pwd=M1JnWVV6bjBPTnF3M010SzdtM0NwZz09
Meeting ID: 161 543 9875 - Passcode: 926057

> **When:      April 9, 2024 at 12:30 p.m. EST**

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of court where the charges are pending.

SO ORDERED.

_Audrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

3/26/2024

cc:  U.S. Attorney
     U.S. Marshal
     U.S. Probation
     Jeffrey Levin

CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:24-mj-00053-AJ All Defendants

Case title: USA v. Espinosa

Date Filed: 03/26/2024

Date Terminated: 03/27/2024

---

Assigned to: US Magistrate Judge Andrea K Johnstone

**Defendant (1)**

**Charles Anthony Espinosa**
*TERMINATED: 03/27/2024*

represented by **Jeffrey S. Levin**
Federal Defender's Office
The Ralph Pill Bldg
22 Bridge St
Concord, NH 03301
603 226-7360
Email: jeff_levin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18 U.S.C. 1752(a)(1) Knowingly Entering
or Remaining in any Restricted Building or
Grounds Without Lawful Authority; 18
U.S.C. 1752(a)(2) Knowingly, and with
Intent to Impede or Disrupt the Orderly

**Disposition**

Conduct of Government Business or
Official Functions; 40 U.S.C. 5104(e)(2)(D)
Willfully and Knowingly Utter Loud,
Threatening, or Abusive Language, or
Engage in Disorderly or Disruptive
Conduct, at any place on Capitol Grounds
with the Intent to Impede, Disrupt or
Disturb Congress; 40 U.S.C. 5104(e)(2)(G)
Parade, Demonstrate, or Picket on Capitol
Grounds

---

**Plaintiff**

USA                                        represented by **Anna Z. Krasinski**
                                           US Attorney's Office (NH)
                                           James C Cleveland Federal Bldg
                                           53 Pleasant St, 4th Flr
                                           Concord, NH 03301
                                           603 225-1552
                                           Email: anna.krasinski@usdoj.gov
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*
                                           *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2024 | 1 | COPY of Redacted Complaint and Warrant from District of Columbia, Case No. 1:24-mj-00109 (kad) (Entered: 03/26/2024) |
| 03/26/2024 | | Arrest (Removal) of Charles Anthony Espinosa.(kad) (Entered: 03/26/2024) |
| 03/26/2024 | | NOTICE OF HEARING as to Charles Anthony Espinosa. Removal Hearing set for 3/26/2024 04:15 PM before US Magistrate Judge Andrea K Johnstone. (kad) (Entered: 03/26/2024) |
| 03/26/2024 | 3 | MOTION to Appoint Counsel with Financial Declaration by Charles Anthony Espinosa. (Attachments: # 1 Financial Affidavit) (kad) (Entered: 03/27/2024) |
| 03/26/2024 | | **ENDORSED ORDER granting 3 Motion to Appoint Counsel. Jeffrey Levin appointed in the case as to Charles Anthony Espinosa (1). *Text of Order: Request approved. Appoint counsel.* So Ordered by US Magistrate Judge Andrea K Johnstone. (kad)** (Entered: 03/27/2024) |
| 03/26/2024 | | Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone: REMOVAL HEARING as to Charles Anthony Espinosa held on 3/26/2024. Court approves financial affidavit. Defendant: advised of rights and charges, waived preliminary hearing, waived identity hearing. Upon agreement of the parties defendant released on conditions. Defendant ordered to appear in the District of Columbia via Zoom on 4/9/2024 at 12:30 p.m. (Tape #4:45) (Govt Atty: Anna Krasinski) (Defts Atty: Jeffrey Levin) (USP: Riaka McCormick)(Total Hearing Time: 19 min.) (kad) (Entered: 03/27/2024) |
| 03/26/2024 | 4 | WAIVER of Rule 5(c)(3) Hearing by Charles Anthony Espinosa. (kad) (Entered: 03/27/2024) |

| 03/26/2024 | 5 | **ORDER Setting Conditions of Release as to Charles Anthony Espinosa. So Ordered by US Magistrate Judge Andrea K Johnstone. (kad)** (Entered: 03/27/2024) |
|---|---|---|
| 03/26/2024 | 6 | **ORDER OF HOLDING DEFENDANT TO ANSWER AND TO APPEAR IN DISTRICT OF PROSECUTION as to Charles Anthony Espinosa to District of Columbia on 4/9/2024 at 12:30 p.m. via Zoom. So Ordered by US Magistrate Judge Andrea K Johnstone. (kad)** (Entered: 03/27/2024) |
| 03/27/2024 | 7 | Notice to District of Columbia of a Rule 5, Rule 32 or Rule 40 Appearance as to Charles Anthony Espinosa. Your case number is: 1:24-mj-00109. The docket sheet and documents pertinent to this transfer are attached. If you require certified copies of any documents, please send a request to InterdistrictTransfer_NHD@nhd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (kad) (Entered: 03/27/2024) |